UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY D., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> COMISSIONER, SOCIAL SECURITY § <br> ADMINISTRATION, § <br> § <br> *Defendant*. § | Civil Action No. 3:19-CV-2900-X-BK |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Anthony D., sought judicial review of the Social Security Administration's decision denying his application for benefits under the Social Security Act. Before the Court is the plaintiff's motion for summary judgment[1] [Doc. No. 21]; the United States Magistrate Judge's findings, conclusions, and recommendation on the motion [Doc. No. 24]; and the plaintiff's objection to the Magistrate Judge's report [Doc. No. 25]. The Court reviews *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviews the remaining proposed findings, conclusions, and recommendation for plain error.

I. Factual Background

The plaintiff applied for disability insurance benefits and supplemental

---

[1] The Magistrate Judge construed the Commissioner's *Response Brief* as a cross-motion for summary judgment. The Court finds that this was appropriate and does the same. *See* Doc. No. 24 at 1 n.1.

security benefits under the Social Security Act. After the Agency denied the plaintiff's request for review, he appealed the Agency's decision to this Court.

At issue in this case is the Agency's findings on the plaintiff's residual functional capacity. The Agency found that the plaintiff

> has the residual functional capacity to perform light work . . . except that he can never climb ladders, ropes and scaffolds and only occasionally climb ramps and stairs. [The plaintiff] can occasionally balance, kneel, crouch, and crawl, and should avoid all exposure to unprotected heights. Furthermore, the [plaintiff] can understand, remember, and carryout simple instructions, make decisions, maintain attention and concentration for two-hour segments, and respond appropriately to changes in routine work settings. [He] is limited to occasional supervisory and co-worker contact. He can work in proximity to the public but should not provide direct customer service to the public.[2]

In his motion for summary judgment, the plaintiff argues that this portion of the Agency's decision was not supported by substantial evidence because the Administrative Law Judge improperly relied on her own lay interpretation of medical data and failed to follow the regulatory requirements for weighing opinion evidence. In response, the Commissioner contends that the decision was supported by substantial evidence because the Administrative Law Judge "consider[ed] and interpret[ed] all of the relevant evidence, including the opinion evidence."[3] The Magistrate Judge rejected the plaintiff's arguments, finding that the Agency's decision was supported by substantial evidence and that the Administrative Law Judge gave sufficient explanation as to why she discounted a physician's medical

---

[2] Doc. No. 20-1 at 21–22.

[3] Doc. No. 22 at 10.

opinion, complying with the regulatory requirements for weighing opinion evidence. The plaintiff filed an objection to both findings.

## II.     Legal Standards

The Court's "review of Social Security disability cases is "exceedingly deferential"[4] and "limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard."[5]  Substantial evidence "is more than a mere scintilla and less than a preponderance."[6]  The Court "may not reweigh the evidence or substitute [its] judgment for the Commissioner's.  [It] may affirm only on the grounds that the Commissioner stated for his decision."[7]  "Conflicts of evidence are for the Commissioner, not the courts, to resolve."[8]  In particular, the residual functional capacity determination is the "sole responsibility" of the Administrative Law Judge.[9]  In making this assessment, "the [Administrative Law Judge] considers all relevant medical and other evidence,"[10] and "has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence."[11]

---

[4] *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012).

[5] *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (cleaned up).

[6] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (cleaned up).

[7] *Copeland,* 771 F.3d at 923 (cleaned up).

[8] *Perez*, 415 F.3d at 461.

[9] *Thibodeaux v. Astrue*, 324 F. App'x 440, 443 (5th Cir. 2009).

[10] *Thornhill v. Colvin*, No. 3:14-CV-335-M, 2015 WL 232844, at *8 (N.D. Tex. Jan. 16, 2015) (Lynn, J.) (citing 20 C.F.R. § 404.1545(a)(3); SSR 96–5, 1996 WL 374183, at *5).

[11] *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007).

### III.  Analysis

#### A.  Residual Functional Capacity Finding

The plaintiff's first objection concerns the Magistrate Judge's finding that the residual functional capacity determination was supported by substantial evidence. He makes three arguments in support of this objection.

First, he argues that the Magistrate Judge's finding that State agency physicians Dr. Rehman and Dr. Germain's assessment of his limitations "support the [Agency's residual functional capacity] assessment"[12] is contradicted by the Administrative Law Judge's finding that Dr. Rehman and Dr. Germain's "opinions were not based upon a complete record, and that updated evidence demonstrated that [the plaintiff] was more limited than [they determined]."[13] He contends that if the Administrative Law Judge found that the physicians' opinions were not based on a complete record, then those opinions cannot provide a basis for the Agency's finding of the effect of the plaintiff's impairments on his physical and mental functioning. Therefore, he argues, the Magistrate Judge's findings regarding the State agency medical consultants' opinions conflict with the Administrative Law Judge's findings and provides reasoning not given by the Administrative Law Judge.

Second, the plaintiff argues that the Magistrate Judge erred by justifying the plaintiff's mental health impairments with a report concerning his physical impairments. The Magistrate Judge found that a "2018 assessment indicated that

---

[12] Doc. No. 25 at 2.

[13] *Id.*

Plaintiff had at least substantial loss in most work-related mental health categories," but then stated that this was consistent with "Dr. Mabile's opinion that Plaintiff's [physical] impairments could be expected to produce pain but not a specific limitation."[14] The plaintiff also notes that the Magistrate Judge did not "conclude that the [Administrative Law Judge] acknowledged [his] mental impairments to be effectively treated."[15]

Finally, he argues that the Magistrate Judge erred in finding that the Agency's decision was supported by substantial evidence because the Administrative Law Judge independently decided the effects of plaintiff's impairments on the plaintiff's ability to work in violation of *Ripley v. Charter*.[16] He states that although the record is replete with medical evidence of his impairments, the Administrative Law Judge did not rely on "an assessment from a treating, examining, or reviewing physician that establishes the effect of such impairments consistent with the [Agency's residual functional capacity] finding."[17]

After a *de novo* review, the Court finds that the Agency's residual functional capacity determination is supported by substantial evidence. The Administrative Law Judge found that the plaintiff's residual functional capacity limited him to

---

[14] Doc. No. 24 at 8.

[15] Doc. No. 25 at 2.

[16] *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995). In *Ripley*, the Fifth Circuit "held that an [Administrative Law Judge] may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an [Administrative Law Judge] may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Williams v. Astrue*, 355 F. App'x 828, 832, n.6 (5th Cir. 2009) (citing *Ripley*, 67 F.3d at 557)).

[17] *Id.* at 3.

simple, unskilled work based on all of his "symptoms and the extent to which [those] symptoms [could] be reasonably accepted as consistent with the objective medical evidence and other evidence," including medical opinions, based on the regulatory requirements.[18] In making this finding, the Administrative Law Judge properly considered the entire record and weighed the evidence in the case. Addressing the plaintiff's first objection, the Administrative Law Judge relied on the state agency physicians' assessment in part, giving it "partial weight to the extent it supports the . . . residual functional capacity" finding.[19] She assigned "little weight" to the Agency's physical assessment, expressly recognizing that their opinions were not based on a complete record. She also included additional limitations based on "updated treatment records received at hearing level" as well as "mental status examinations and the claimant's hearing testimony."[20]

As to plaintiff's mental impairments and limitations, the Administrative Law Judge properly weighed the medical source statement that assessed the plaintiff's mental ability to do work-related activities with other objective medical evidence in the record. She found that the treatment records consistently noted that the plaintiff's medications were effective at treating his symptoms and noted that while "some records note[d] that the [plaintiff]'s attention, concentration, and remote memory was not intact, this was during a period of medication noncompliance."[21]

---

[18] Doc. No. 20-1 at 22.

[19] *Id.* at 24.

[20] *Id.*

[21] *Id.*

This is consistent with the Administrative Law Judge's duty to weigh the evidence, resolve conflicts, and interpret the evidence.  And it does not violate *Ripley*.[22]

## B.  Regulatory Requirements for Weighing Opinion Evidence

In his second objection, the plaintiff objects to the Magistrate Judge's conclusion that the Administrative Law Judge complied with the regulatory requirement that she explain "how she considered the supportability and consistency factors with regard to Dr. Mabile's opinion."[23]  As the Magistrate Judge explained, "[w]hile the [Administrative Law Judge] must explain how she considered the supportability and consistency factors for a medical source's medical opinions, there are no magic words or specific amount of explanation required." [24]  The Administrative Law Judge's opinion explains that Dr. Mabile's opinion was not consistent with the record because 2017 records did not show any cane use, although that was central to Dr. Mabile's opinion.  It also explains that she gave Dr. Mabile's opinion little weight: Dr. Mabile's opinion did not provide any functional limitations.  And as the Magistrate Judge notes, "Dr. Mabile even admitted he was unable to accurately assess how Plaintiff's medical condition would prevent him from standing/walking." [25]  Accordingly, the Court finds that the Administrative Law Judge complied with the regulatory requirement that she explain how she considered

---

[22] *See Taylor*, 706 F.3d at 603.

[23] Doc. No. 25 at 4, 5.

[24] Doc. No. 24 at 9 (citing 20 C.F.R. § 404.1520c(b)(2) and *Stephens v. Saul*, No. 3:20-CV-000823-BH, 2020 WL 7122860, at *7 (N.D. Tex. Dec. 4, 2020) (Ramirez, J.)).

[25] *Id.* (citing Doc. No. 20-1 at 926).

the supportability and consistency factors with regard to Dr. Mabile's opinion.

## IV.   Conclusion

For the foregoing reasons, the Court **ACCEPTS** the Magistrate Judge's report, **DENIES** the plaintiff's motion for summary judgment, **GRANTS** the Commissioner's motion for summary judgment, and **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED** this 22nd day of July, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE